UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kirbie Becker<br>511 West 4th Street<br>Birdsboro, PA 19508<br>　　　　　　　　　　Plaintiff<br>v.<br>TransUnion Rental Screening Solutions, Inc.<br>6430 South Fiddlers Green Circle, Suite 500<br>Greenwood Village, CO 80111<br>　　　　　　　　　　Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:　　Jury Trial Demanded<br>:<br>: |

## **COMPLAINT**

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s')
   alleged violations of the Fair Credit Reporting Act (FCRA), and the Fair and Accurate
   Credit Transaction Act (FACTA), 15 U.S.C. 1681, et seq.

2. Plaintiff is Kirbie Becker, an adult individual with a current address of 511 West 4th
   Street, Birdsboro, PA 19508.

3. Defendant(s) is TransUnion Rental Screening Solutions, Inc., with a business address
   including but not limited to 6430 South Fiddlers Green Circle, Suite 500, Greenwood
   Village, CO 80111.

**COUNT ONE: Violation of the Fair Credit Reporting Act and the Fair and Accurate
Credit Transactions Act, 15 USC 1681 et. seq.
Failure to Redact Pertinent Portions of Plaintiff's Social Security Number**

4. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

5. At all times mentioned herein Plaintiff was a consumer as defined by 15 USC 1681.

6. At all times mentioned herein Plaintiff was a person as defined by 15 USC 1681a (c).

7. At all times mentioned herein Plaintiff was an individual as defined by 15 USC 1681a (c).

8. At all times mentioned herein Defendant was a person as defined by 15 USC 1681a (c).

9.

10. At all times mentioned in this Complaint, Defendant(s) maintained a "file" on Plaintiff as defined by 15 USC 1681(a)(d) et. seq.

11. At all times mentioned in this Complaint, Defendant(s) was acting as a "consumer Reporting Agency" (CRA) as defined by 15 USC 1681a(f).

12. On or about the 12/7/2017 Plaintiff contacted Defendant(s) in writing and requested a copy of the information contained in Plaintiff's consumer file which was maintained by Defendant(s). Each time that Plaintiff requested Plaintiff's file disclosure from Defendant, Plaintiff requested in writing that Defendant(s) redact the first five digits of Plaintiff's consumer disclosure. See attached exhibits.

13. Pursuant to 15 USC 1681g (a)(1)(A), Defendant(s) was / were required to redact the first five digits of Plaintiff' Social Security number on Plaintiff's disclosure because Plaintiff specifically requested Defendant(s) to do so at the time that Plaintiff requested the consumer report from Defendant(s).

14. Defendant was required to redact Plaintiff's Social Security number on the disclosure even though the consumer report was given directly to the consumer, and not intended to be accessed by any third party.

15. Said redaction requirement was part of the Fair and Accurate Credit Transaction Act (FACTA) of 2003.

16. The legislative purpose of such redaction requirement was to protect the consumer's privacy and Social Security Number from third parties and / or dumpster divers who might view the consumer's Social Security Number information on the consumer report.

17. Such legislative purpose is also exemplified in 15 USC 1681c(g), which was also part of the FACTA of 2003.  15 USC 1681c (g) requires merchants to redact all but the last 5 digits of a consumers' bank or credit card number on a receipt at the point of sale.  Even the expiration date must be redacted.  This is true even when such receipt is given directly to the consumer, and not intended to be accessed by any third party.

18. The purpose of 15 USC 1681c (g) was to protect consumers from unintended persons who may view or "dumpster dive" for the consumers' credit card or bank transaction receipts.

19. 15 USC 1681c (g) and 15 USC 1681g (a)(1)(A) have similar purposes in their redaction requirements to protect consumers' personal information from third parties who may view or obtain such consumers' personal account or Social Security information.

20. On or about 1/3/2018, Defendant sent Plaintiff consumer disclosures that did not have the first five digits of Plaintiff's Social Security number redacted.  Plaintiff's full Social Security number was conspicuously printed by Defendant on Plaintiff's consumer disclosure on or about the following dates.

21. Defendant(s) breached its duty to Plaintiff under 15 USC 1681g (a)(1)(A) by failing to redact the first five digits of Plaintiff's Social Security Number on Plaintiff's consumer disclosure after having been specifically requested in writing by Plaintiff to do so.

## LIABILITY

22. The previous paragraphs of this Complaint are incorporated by reference.

23. It is believed and averred that the acts committed by Defendant(s'), were willful, wanton, systemic and intentional as evidenced by the following.

    a.    The clarity and unambiguity of Plaintiff's request for Defendant ot redact the first five digits of Plaintiff's Social Security number on Plaintiff's consumer disclosure.

    b.    Numerous other similarly situated consumers whose rights were also similarly violated by the Defendant when Defendant also printed such consumers' Social Security numbers on their consumer disclosures despite having been requested not to do so in writing by such consumers.

24. Defendant is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant(s).

25. In the alternative, Defendant is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

26. Any mistake made by Defendant would have included a mistake of law.

27. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

## JURISDICTION

28. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

29. The previous paragraphs of this Complaint are incorporated by reference.

30. Defendant may be personally served in this jurisdiction because Defendant regularly conducts business in this jurisdiction, and avails itself of the market forces in this jurisdiction.

31. This Court has Federal question jurisdiction pursuant to 28 USC 1331-1337 et. seq, if removed to Federal Court, and 15 USC 1681 et. seq.

32. A plaintiff invoking Federal jurisdiction under Article III of the U.S. Constitution bears the burden of showing a "concrete injury" or a "concrete harm"  See Spokeo v. Robbins U.S. Supreme Court Opinion of the Honorable Justice Samuel Alito, 13-1119 (2016), quoting Lujan v. Defenders of Wildlife, 504 U. S. 555 (1992).

33. In order to demonstrate a "concrete harm" plaintiff must show that he or she suffered "an invasion of a legally protected interest."

34. A "concrete" injury need not be a measurable or "tangible" injury.  Although tangible injuries are perhaps easier to recognize, intangible injuries can nevertheless be concrete. See Spokeo v. Robbins U.S. Supreme Court opinion of the Honorable Justice Samuel Alito, 13-1119 (2016), and quoting Pleasant Grove City v. Summum, 555 U. S. 460 (2009).  Also see Spokeo v. Robbins U.S. Supreme Court concurring Opinion of the Honorable Justice Clarence Thomas, 13-1119 (2016).

35. To determine if an injury is "concrete," the judgment of Congress is not dispositive, but is instructive. Congress is well positioned to identify intangible harms that meet minimum Article III requirements.  The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact.  See Spokeo v. Robbins U.S. Supreme Court opinions of the Honorable Justice Samuel Alito and the Honorable Clarence Thomas, 13-1119 (2016).

36. Congress can create new private causes of action to vindicate private or public rights, and can authorize private plaintiffs to sue based simply on the violation of those private rights.  A Plaintiff seeking to vindicate a statutorily created private right need not allege actual harm beyond the invasion of that private right; see Spokeo v. Robbins, 13-1119 (2016), Opinion of the Honorable Justice Clarence Thomas quoting Warth v. Seldin, 422 U. S. 490, 500 (1975) and also quoting Havens Realty Corp. v. Coleman, 455 U. S. 363, 373–374 (1982).

37. Congress envisioned the need to provide consumers the tools to research, guard and assist in maintaining their personal data gathered and distributed by consumer reporting agencies such as Defendant(s) in this case.  One of those tools is the ability to safeguard one's personal identity by instructing a consumer reporting agency to redact  the first five digits of the consumers Social Security number on the consumer report, pursuant to 15 USC 1681g et. seq.

38. Even the risk of a harm, not yet manifested can be a "concrete harm."  See Spokeo v. Robbins U.S. Supreme Court opinion of the Honorable Justice Samuel Alito, 13-1119 (2016).  Plaintiff's risk of harm in having her Social Security number compromised is a "concrete harm" as referred to in the Spokeo decision.

39. Plaintiff suffered an actual concrete injury when Defendant repeatedly and willfully refused to redact the first five digits of Plaintiff's Social Security number on Plaintiff's consumer disclosure.

40. Plaintiff regularly and continuously monitors the information in Plaintiff's consumer file maintained by Defendant because Plaintiff believes that it is wise for Plaintiff to do so as a consumer.

41. Plaintiff reasonably believes and avers that Plaintiff will be continually subject to Defendant's unlawful business practices of failing and refusing to properly redact Plaintiff's Social Security number on his consumer disclosure every time he obtains his disclosure.

42. Plaintiff should not be forced to choose between protecting Plaintiff's identity and obtaining his consumer disclosure.

43. Plaintiff has suffered a concrete harm by Defendant's willfully and unlawful business practice of refusing to properly redact Plaintiff's consumer disclosure.

44. A key factor that the Court should apply in determining Defendant's actions to be a "concrete harm" should be the willful nature of Defendant's conduct and Defendant's blatant and flagrant refusal to give Plaintiff a copy of Plaintiff's consumer file.

45. Defendant's flagrant flaunting of the law of both 15 USC 1681g and 15 USC 1681j was willful and dangerous thus manifesting a "concrete harm" to not only the Plaintiff but other consumers deprived of statutory conferred rights, including the right to receive one's consumer file, the right to dispute information therein and the right to know what rights the consumer had under the FCRA.

46. Defendant's flaunting of the law puts Plaintiff at a continued a repeated risk of identity theft by printing Plaintiff's entire Social Security number on Plaintiff's consumer disclosure which could be mis-delivered, intercepted or seen by unauthorized third parties.

47. No rational interpretation of Article 3 of the U.S. Constitution or the aforementioned Spokeo Decision. would allow for a CRA to systemically and improperly print Social Security numbers on consumer reports, and then simply claim that there was no standing under Article 3.

## VENUE

48. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

49. The previous paragraphs of this Complaint are incorporated by reference.

50. Venue is proper in this District pursuant to 28 USC 1391(b)(2), if removed to federal Court, because a substantial part of the events or omissions giving rise to this claim occurred in this jurisdiction.

    a.    Plaintiff mailed Plaintiff's requests Plaintiff's consumer disclosures from this jurisdiction. Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

    b.    Defendant mailed the objectionable consumer disclosures with Plaintiff's full Social Security number improperly printed to this jurisdiction. Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

    c.    A substantial amount of the information contained in Plaintiff's consumer file and on Plaintiff's consumer disclosure pertained to this jurisdiction. Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

d.   A substantial amount of the information contained in Plaintiff's consumer file and on Plaintiff's consumer disclosure was compiled in this jurisdiction. Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

e.   Plaintiff's attorney's fees in this fee shifting case, pursuant to 15 USC 1681n, occurred in this jurisdiction. Therefore a substantial portion of the events giving rise this cause of action occurred in this jurisdiction.

f.   Plaintiff's suffered frustration and emotional distress which is recoverable pursuant to 15 USC 1681n as a result of Defendant's omissions. Therefore a substantial portion of the omissions giving rise this cause of action occurred in this jurisdiction.

51. Venue is proper in this jurisdiction because key witnesses involved in the case are located at or near this jurisdiction. Such witnesses including but not limited to the following.

    a.    Plaintiff.

    b.    Similarly situated consumers in this jurisdiction whose rights were also violated by Defendant in a similar manner when such consumers requested information from Defendant about who had received their consumer reports, and Defendant also denied such consumers requests. Such witnesses' testimonies are relevant to show willful conduct by Defendant.

## DAMAGES

52. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

53. Plaintiff believes and avers that Plaintiff is entitled to at least $1.00 actual damages for Plaintiff, including but not limited to phone, fax, stationary, postage, etc.

54. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory damages pursuant to 15 USC 1681 et. seq..

55. Plaintiff believes and avers that Defendant's conduct was willful, wanton, and intentional, and therefore Plaintiff requests punitive damages.

56. Plaintiff believes and avers that punitive damages are warranted due to the willful and wanton nature of the violation as evidenced by the following.

    a.    Plaintiff's request letters specifically asked that Plaintiff's Social Security number be redacted, the request letters were in 14 point bold font.

    b.    Numerous other similarly situated consumers, totaling more than 10, were also subject to similar misconduct by Defendant. Their un-redacted Social

Security numbers were also illegally printed by Defendant(s) in the same manner and under similar circumstances as with Plaintiff.

    c.         Upon information and belief, at all relevant times mentioned in this Complaint Defendant had no policy in effect to redact the first five digits of Social Security number of consumers when asked by the consumers.

57. Plaintiff requests Punitive damages in an amount to be determined by this Honorable Court.

58. For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $9,000 because Defendant(s') actions have the effect of potentially compromising the integrity and security of Plaintiff's personal information.

## ATTORNEY FEES

59. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

60. Plaintiff is entitled to attorney fees pursuant to 15 USC 1681 et. seq., in the amount of $1,750.00 at a rate of $350.00 per hour, enumerated below.

| | | |
|---|---|---|
| a. | Consultation with client and review of complaint | 1 |
| b. | Drafting, editing, review, filing and service of complaint | 2 |
| c. | Follow up contact with Defense and client | 2 |

$$5 \times \$350 = \$1,750$$

61. Plaintiff's attorney fees continue to accrue as the case move forward.

62. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

## OTHER RELIEF

63. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

64. Plaintiff demands a jury trial in this matter

65. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

Wherefore, Plaintiff demands judgment against Defendant in the amount of no less   than

$11,751.00 as enumerated below, or such other amount determined by this Honorable Court.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1692k et. seq.

$1,750.00 attorney fees

$9,000 punitive damages

_____

   $11,751

Plaintiff seeks such additional relief as the Court deems just and proper.

_____  2/20/18
Vicki Piontek, Esquire          Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

# EXHIBITS

Kirbie Becker
511 West 4th Street
Birdsboro, PA  19508
610-████████

TransUnion Rental Screening Solutions, Inc.
6430 South Fiddlers Green Circle, Suite 500
Greenwood Village, CO 80111

**RE:  Kirbie Becker**    **SSN:**█████    **DOB:**███████

To Whom it May Concern:

I would like to request a copy of my consumer report.  I would like all information contained in my file.

Please provide the name, addresses and telephone number of all persons or entities to whom you provided a copy of my consumer report in the last 365 days.  This includes users as well as end users.

**Please redact the first five digits of my Social Security number on my consumer disclosure.       Please do not print the first five digits of my Social Security number on my consumer disclosure.**

Enclosed please find a copy of my photo ID.

Thank you.

Sincerely,

Kirbie Becker                    12/7/17
Kirbie Becker                    Date



**TransUnion.**

TransUnion Rental Screening Solutions
.PO Box 800
Woodlyn, PA 19094



P7STPD00100042

January 3, 2018

Kirbie Becker
511 W 4th Street
Birdsboro, PA 19508

Dear: Kirbie Becker

Your request for a copy of your consumer report was received on December 20, 2017. We have completed processing the details of your request.

Enclosed is a copy of your criminal and civil court history as possessed by TransUnion Rental Screening Solutions, LLC, a subsidiary of TransUnion, LLC. The criminal and civil court history enclosed was found matching your personal identifying information as of the date of this letter.

TransUnion Rental Screening Solutions, LLC does not retain continuous access to consumer credit reports. In order to receive a current, up-to-date copy of your consumer credit report, you must request a free copy of this report directly from the credit bureau(s). The contact information for all three bureaus (Experian, Equifax, and TransUnion) is listed below:

Equifax: 1-800-685-1111
Experian: 1-888-397-3742
TransUnion: 1-800-888-4213

Alternatively, you may also obtain a free copy of your consumer credit report from all three bureaus by accessing www.annualcreditreport.com.

All data provided by hereunder is intended solely for the customer who initially receives such data directly from TransUnion Rental Screening Solutions, Inc. and/or one of its subsidiaries or affiliates (collectively "TURSS"). TURSS DOES NOT GUARANTY OR WARRANT THE ACCURACY, CORRECTNESS, OR COMPLETENESS OF THE DATA. TURSS DELIVERS ALL DATA TO CUSTOMERS ON AN "AS IS" "AS AVAILABLE" BASIS WITHOUT ANY EXPRESS OR IMPLIED WARRANTY, GUARANTY, OR REPRESENTATION OF ANY KIND CONCERNING THE DATA ITSELF, ITS MERCHANTABILITY, OR ITS FITNESS FOR A PARTICULAR PURPOSE OR FUNCTION. TURSS SHALL NOT BE LIABLE IN ANY MANNER FOR ANY CLAIMS, LOSSES, EXPENSES OR DAMAGES OF WHATEVER KIND THAT MAY ARISE OUT OF OR RESULT FROM A CUSTOMER'S RELIANCE ON (OR USE OF) THE DATA PROVIDED BY TURSS, EVEN IF TURSS HAS BEEN ALERTED TO THE POSSIBILITY OF SUCH CLAIMS, LOSSES, EXPENSES OR DAMAGES. BY ACCESSING ANY SUCH DATA, THE CUSTOMER ACKNOWLEDGES AND AGREES THAT THE CUSTOMER HAS NOT RELIED ON ANYTHING THAT MAY BE INCONSISTENT WITH THIS LEGAL STATEMENT.

The information contained in this telecopy message is confidential and is intended for the exclusive use of the individual or entity named above and may contain information that is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error please immediately notify us by telephone to arrange its return. Thank you.

**TransUnion**

TransUnion Rental Screening Solutions
PO Box 800
Woodlyn, PA 19094

If you find that any information contained in the criminal and civil court history reports enclosed is inaccurate or incomplete, you have the right to dispute the matter by contacting Customer Support at 1-800-230-9376 or TURSSDispute@transunion.com.

Sincerely,

Consumer Relations
TransUnion Rental Screening Solutions, LLC

All data provided by hereunder is intended solely for the customer who initially receives such data directly from TransUnion Rental Screening Solutions, Inc. and/or one of its subsidiaries or affiliates (collectively "TURSS"). TURSS DOES NOT GUARANTY OR WARRANT THE ACCURACY, CORRECTNESS, OR COMPLETENESS OF THE DATA. TURSS DELIVERS ALL DATA TO CUSTOMERS ON AN "AS IS" "AS AVAILABLE" BASIS WITHOUT ANY EXPRESS OR IMPLIED WARRANTY, GUARANTY, OR REPRESENTATION OF ANY KIND CONCERNING THE DATA ITSELF, ITS MERCHANTABILITY, OR ITS FITNESS FOR A PARTICULAR PURPOSE OR FUNCTION. TURSS SHALL NOT BE LIABLE IN ANY MANNER FOR ANY CLAIMS, LOSSES, EXPENSES OR DAMAGES OF WHATEVER KIND THAT MAY ARISE OUT OF OR RESULT FROM A CUSTOMER'S RELIANCE ON (OR USE OF) THE DATA PROVIDED BY TURSS, EVEN IF TURSS HAS BEEN ALERTED TO THE POSSIBILITY OF SUCH CLAIMS, LOSSES, EXPENSES OR DAMAGES. BY ACCESSING ANY SUCH DATA, THE CUSTOMER ACKNOWLEDGES AND AGREES THAT THE CUSTOMER HAS NOT RELIED ON ANYTHING THAT MAY BE INCONSISTENT WITH THIS LEGAL STATEMENT.

The information contained in this telecopy message is confidential and is intended for the exclusive use of the individual or entity named above and may contain information that is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error please immediately notify us by telephone to arrange its return. Thank you.

Criminal Report - Detailed Results

Date/Time Requested:   12/30/2017 5:26:42 PM

Applicant Information Submitted
Name:            Kirbie Becker
Date of Birth:
SSN:
Address:         511 West 4th St, Birdsboro, PA, 1950

**KIRBIE ANE BECKER**

Dataset: PA AOC Common Pleas Criminal disposition
2

Last Updated Date: 2017-12-21

DOB:              Age: 31    SSN: N/A

Residence: N/A



**Aliases**
No aliases found

**Physical Features**

Physical Details
Sex: F                    Race: White

Person Physical Features
No physical features listed

**Summary**

| | Incident(s): 0 | | Booking(s): 0 | | |
|---|---|---|---|---|---|
| Arrest(s): 0 | | Court Action(s): 1 | | Sentencing(s): 0 | |
| Supervision(s): 0 | | | | | |

**Comments**
The data or information provided is based upon information received by the Administrative Office of Pennsylvania Courts ("AOPC"). AOPC makes no representation as to the accuracy, completeness or utility, for any general or specific purpose, of the information provided and as such, assumes no liability for inaccurate or delayed data, errors or omissions. Use of this information is at your own risk. AOPC makes no representations regarding the identity of any persons whose names appear in the records. User should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained. Electronic case record information received from the Commonwealth of Pennsylvania is not an official case record; official case records are maintained by the court in which the record was filed.